IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANIEL G. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-05-113-L |
| v. | ) | |
| | ) | |
| CANADIAN COUNTY BOARD OF | ) | |
| COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff alleges he was subjected to unconstitutional conditions of confinement and denial of his right of access to the courts during his pre-trial detention in the Canadian County Jail. Plaintiff names as Defendants the Canadian County Board of Commissioners and the Canadian County Sheriff. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Defendants have moved to dismiss the cause of action on the ground that Plaintiff has failed to exhaust administrative remedies available to him as required by 42 U.S.C. §1997e(a), to which Plaintiff has responded. For the following

reasons, it is recommended that the Defendants' Motion to Dismiss be granted and the cause of action be dismissed without prejudice for failure to exhaust administrative remedies.

I. Plaintiff's Claims

In his Complaint filed January 31, 2005, Plaintiff alleges that his Sixth Amendment, Eighth Amendment and Fourteenth Amendment rights have been violated by Defendants. In count one, Plaintiff alleges that when he was booked into the Canadian County Jail he was informed by unidentified "jail staff" that pursuant to the jail's "policy" he was denied his prescribed psychiatric medications. Plaintiff further alleges that "it is the policy of the Canadian County Jail to issue one (1) 1.25 oz. bar of soap per inmate per week" and "this amount of soap is not sufficient...," that "it is the policy of the Canadian County jail to not provide inmates with any recreational or excercise [sic] times or usage of the outdoor excercise [sic] yard, thereby keeping inmates indoors without any oportunity [sic] to get fresh air or sunshine," that "it is the policy of the Canadian County Jail to not allow inmates to be in possession of calanders [sic]" and "there is no reason for this policy....," and, finally, that "it is the policy of the Canadian County Jail to not provide inmates with sheets" or allow inmates to use blankets as sheets which "forces the inmates to lay [sic], unprotected, directly on the hard plastic which covers the mattress." In count two, Plaintiff alleges that his Sixth Amendment right to act as his own counsel was violated because of "the policy of the Canadian County Jail to deny inmates access to legal materials [to] assist in preparation of their defenses or prepare other legal documents or do research acting pro se." For these

alleged constitutional deprivations, Plaintiff seeks monetary damages and "injunctive relief to be determined by the court..." Complaint, at 5.

II. Exhaustion of Administrative Remedies

Defendants contend that Plaintiff has not exhausted available administrative remedies concerning his claims as required by 42 U.S.C. §1997e(a). In 1995, Congress passed and the President signed into law the Prison Litigation Reform Act of 1995 ("PLRA"). One provision of the PLRA, codified at 42 U.S.C. §1997e(a), directs that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision has been interpreted by the Supreme Court to apply "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) "imposes a pleading requirement on the prisoner," who must "(1) plead his claims with 'a short and plain statement .... showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" Steele v. Federal Bureau of Prisons, 355 F.3d

1204, 1210 (10th Cir. 2003)(quoting Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000)). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under §1997e." Id. (quotation omitted). "Defendants with a colorable argument based on lack of exhaustion ... may raise it in a dispositive motion, to be addressed promptly by the court." Id. at 1212. Under these circumstances, the "court may consider the attached administrative materials" provided by the Plaintiff, or if none are provided by the Plaintiff then the court may consider administrative materials or a declaration submitted by the Defendant(s). Id. The "PLRA contains a total exhaustion requirement" and "the presence of unexhausted claims in [a] complaint" requires the dismissal of the complaint without prejudice. Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

      With their Motion to Dismiss, Defendants have provided evidence of the Canadian County Jail's established grievance procedure. According to Defendants, the jail's grievance procedure is included in an Inmate Information Handbook, and a copy of this Handbook is provided to all detainees following their detention. The jail's grievance procedure requires detainees to first submit a staff request to the Jail Administrator and then, if not satisfied with the Jail Administrator's response, to submit a grievance to the Jail Administrator who will then submit the grievance to the Undersheriff. Defendants' Motion to Dismiss, Ex. 4. With his signature on two written acknowledgment forms, Plaintiff acknowledged that on January 13, 2005, he had read and understood the Canadian County Jail's facility rules and handbook, and that on January 27, 2005, he had read and understood the Canadian County Jail's revised

Inmate Information Handbook. Defendants' Motion to Dismiss, Exs. 2, 3. Defendants have provided evidence that Plaintiff filed one grievance dated April 1, 2005, in which he complained about co-payments required by the jail for inmates who receive medical treatment and prescriptions. Defendants' Motion to Dismiss, Ex. 1. As Defendants assert, this grievance is unrelated to any of the claims urged in the Complaint.

In Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff asserts that he has exhausted all administrative remedies available to him. However, Plaintiff provides no specific facts showing when or how he attempted to exhaust the administrative remedies available at the Canadian County Jail. Plaintiff only contends that, despite the existence of the administrative remedy procedure at the Canadian County Jail, "after an inmate submitts [sic] the Staff Request for the grievance, the Jail Administrator, Lt. Glasscock, refuses to provide the inmate with said grievance" and therefore inmates are not able to file grievances or exhaust administrative remedies. Plaintiff's allegation that any attempt to exhaust the available administrative remedy would be futile is insufficient to excuse his failure to complete the administrative remedy procedure. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)("Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available."). In an unsworn "affidavit" attached to the Response, Plaintiff states that on April 13, 2005, he was transferred to the custody of the Nevada Department of Corrections and that he was subsequently transferred to the custody of the United States Marshal's Service, and he asserts that when he is returned to Nevada custody he will be able to provide "a copy of

all supporting documentation the Plaintiff intends using to support his claims of exhausting available remedies." Plaintiff's Affidavit, at 2. Plaintiff's statement that "supporting documentation" exists showing he has exhausted administrative remedies is vague and conclusory. He has not provided either the administrative dispositions relevant to each of his claims or asserted with specificity "the nature of the administrative proceeding and its outcome" with respect to each of his claims. Accordingly, Plaintiff has failed to demonstrate his exhaustion of available administrative remedies, and his cause of action should be dismissed without prejudice on this basis.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants' Motion to Dismiss (Doc. #19) be GRANTED and the cause of action be dismissed without prejudice due to Plaintiff's failure to demonstrate his exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___September 12th___, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this  22nd  day of   August  , 2005.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE