IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL G. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-113-L |
| ) | |
| CANADIAN COUNTY BOARD OF ) | |
| COMMISSIONERS, et al., ) | |
| ) | |
| Defendants. ) | |

## O R D E R

This action is brought pursuant to 42 U.S.C. § 1983 by plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*. This matter is before the court for review of the Report and Recommendation entered by United States Magistrate Judge Gary M. Purcell on August 22, 2005, wherein he recommends that the defendants' Motion to Dismiss be granted and the cause of action dismissed without prejudice for failure to exhaust administrative remedies.

The court file reflects that plaintiff has filed an objection to the Report and Recommendation. The court has carefully considered the plaintiff's objection, but determines that it is insufficient to justify overturning the well-reasoned conclusions of the Magistrate Judge in this matter. Although plaintiff argues that the wording of 42 U.S.C. § 1997e(a) does not require a prisoner to furnish the documentation mentioned by the Magistrate Judge in the Report and Recommendation, the court finds that this argument has no merit in light of the

controlling case law cited by the Magistrate Judge.  The Tenth Circuit has held that a comprehensible statement of the prisoner's claim, coupled with supporting information on prison grievance proceedings, "will best effectuate the purposes of § 1997e(a)" by providing a basis for the court's review of a prison-condition complaint.  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003).  Therefore, the Magistrate Judge was correct in finding that:

> Section 1997e(a) "imposes a pleading requirement on the prisoner," who must "(1) plead his claims with 'a short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(quoting Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000)).

Report and Recommendation, pp. 3-4.  In his objection, plaintiff acknowledges that he has not provided the supporting documentation and has failed to demonstrate exhaustion of available remedies.  The Magistrate Judge was correct in recommending that plaintiff's cause of action be dismissed without prejudice on this basis.

Having conducted a *de novo* review of the matter, the court finds that the Report and Recommendation should be adopted in its entirety.  Therefore, Defendants' Motion to Dismiss **[Doc. No. 19]** is **GRANTED; plaintiff's cause of action is DISMISSED WITHOUT PREJUDICE due to plaintiff's failure to**

**demonstrate his exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a).**

It is so ordered this 11th day of October, 2005.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge